1    **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Olaf Peter Juda,                    )    No. CV 09-1475-PHX-JAT
                                          )
10                    Petitioner,          )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Ricardo E. Chavez,                   )
13                                        )
                      Respondents.        )
14                                        )
     _____)

15

16           Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus filed

17   pursuant to 28 U.S.C. § 2241.  On February 26, 2010, the Magistrate Judge to whom this case

18   was assigned issued a Report and Recommendation (R&R) recommending that the Petition

19   be denied.  On March 8, 2010, Petitioner timely filed objections to the R&R.

20           This Court "may accept, reject, or modify, in whole or in part, the findings or

21   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the

22   district judge must review the magistrate judge's findings and recommendations *de novo if*

23   *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

24   (9th Cir. 2003) (*en banc*).  Because Petitioner filed objections, the Court will review the R&R

25   de novo.

26           Petitioner's claim in this case stems from the Second Chance Act, which permits the

27   Bureau of Prisons to release an inmate to either a community correctional facility or home

28   confinement up to twelve months before the inmate's release date to increase the likelihood

of the inmate's successful reentry into the community. R&R at 2-3. The Bureau of Prisons evaluated Petitioner for this program and determined he would be placed in a community correctional facility six months prior to his release date. *Id.* at 2. Petitioner appealed this decision through the prison's administrative review process arguing he wanted to be placed in the community correctional facility twelve months prior to his release.[1] *Id.*

Petitioner does not dispute the R&R's recounting of the factors the law requires the Bureau of Prisons to consider in deciding pre-release placement, nor the factual result of Petitioner's individual review. R&R at 2-4. Instead Petitioner argues more globally that the review process is not really individualized,[2] which the law requires, and that the Bureau of Prison has a "presumptive" six month placement policy. Objections at 3. Petitioner's evidence for this assertion is his observations of what other inmates have received and some information he asserts he learned from a symposium in 2008. Objections at 2. Finally, Petitioner asserts that discovery in this case would show the Bureau of Prison's "real" procedure. Objections at 3.

As the R&R recounts, the Bureau of Prisons has discretion of how to implement the Second Chance Act, within certain guidelines. R&R at 2-3. In Petitioner's case, the Bureau of Prisons exercised that discretion and specifically applied the guidelines. R&R at 3 (quoting the Warden's decision in Petitioner's case). Petitioner claims that, with discovery into other inmate's releases, he could establish that the Warden's exercise of his discretion is the same in every case.

---

[1] The R&R calculates Petitioner's release date to be in August 2010, which is less than six months from today. Therefore, the Petition may be moot. However, Petitioner in his objections at footnote 1 specifically claims the Petition is not moot.

[2] Conversely, the Warden's finding specifically said it was an individualized review. R&R at 3.

1    The Court finds that discovery in this case is not warranted.[3]  Specifically, even if

2    Petitioner's claims were true, i.e. that in the majority of cases the Warden determines six

3    months prior to release is appropriate, such claims would not mean the that the Warden was

4    failing to "really" exercise discretion and simply applying a pre-determined six month

5    number.  Further, the Court agrees with the R&R that there is nothing in this record to

6    suggest Petitioner did not receive all consideration to which he was entitled under the Second

7    Chance Act.  R&R at 4.  Accordingly,

8         **IT IS ORDERED** that the R&R (Doc. #22) is accepted and adopted, the Objections

9    (Doc. #23) are overruled, the Petition (Doc. #1) is denied, with prejudice, and the Clerk of

10   the Court shall enter judgment accordingly.

11        DATED this 22nd day of March, 2010.

12

13

14   _____
     James A. Teilborg
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26   _____

27      [3] Discovery is available in habeas cases only if Petitioner shows "good cause." *Estrada v. Chavez*, 2009 WL 1383328, *1 (D. Ariz. 2009) (applying Rule 6(a) of the Rules

28   Governing Section 2254 to a Section 2241 case).